UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-12017-RGS

SUN LIFE ASSURANCE COMPANY OF CANADA

V.

HAROIAN IRREVOCABLE INSURANCE
TRUST DATED APRIL 29, 1997, SYLVIA J.
TARBELL, AS CO-TRUSTEE AND HENRY
A. HAROIAN, JR., AS CO-TRUSTEE

MEMORANDUM AND ORDER ON
PLAINTIFF SUN LIFE ASSURANCE
COMPANY OF CANADA'S
MOTION FOR JUDGMENT ON THE PLEADINGS

August 3, 2021

STEARNS, D.J.

Plaintiff Sun Life Assurance Company of Canada (Sun Life) brought this action for interpleader to resolve a dispute over death benefits payable to a trust (the Haroian Trust) established for the beneficiaries (who are brother and sister) by their father. After William Appleyard, Esq. as a representative of the Trust, notified Sun Life that the father, Dr. Henry A. Haroian, had died, the siblings, defendants Henry A. Haroian, Jr. and Sylvia Tarbell, began squabbling over which of them should receive the benefits check payable to the Trust. After multiple unproductive communications

with the beneficiaries and Attorney Appleyard, Sun Life resorted to this interpleader action.

## BACKGROUND

Dr. Haroian purchased an individual "second-to die" life insurance policy (#020037171) (Policy) from Sun Life on June 25, 1997, insuring his life and that of his wife, Jessica S. Haroian. The Policy's death benefit is $250,000.00, payable to the Haroian Irrevocable Insurance Trust dated April 29, 1997. The defendants are the surviving co-Trustees of the Haroian Trust.

Appleyard submitted the completed claim forms to Sun Life signed by the co-Trustees on behalf of the Trust. On or about June 23, 2020, Sun Life issued a check in the amount of $257,776.95, consisting of the full death benefit of $250,000, a premium refund of $3,611.47, and interest of $4,165.48. The check was made payable to the Haroian Trust and, as was requested by the co-Trustees, Sun Life mailed the check to Tarbell's home address in California. Sun Life also wrote to each of the co-Trustees confirming issuance of the check. *See* Compl., Ex. C. On July 7, 2020, Haroian, Jr. sent an email to Sun Life withdrawing his consent to the mailing and requesting that a "stop payment" order be placed on the check. After issuing the stop-payment, Sun Life received an email from Tarbell stating her

objection and asking that the check be reissued. After repeated unsuccessful; attempts to resolve the dispute between the beneficiaries regarding the payment, Sun Life filed this Complaint for Interpleader on November 9, 2020. Consistent with Federal Rule of Civil Procedure 22 and 28 U.S.C. §1335(a)(1), the court permitted Sun Life to deposit the $257,776.95 in insurance proceeds with the clerk of this court on June 11, 2021. Sun Life now "seeks a discharge from liability and an award of attorneys' fees and costs from the amount on deposit." Mem. at 3 (Dkt #40).

## DISCUSSION

"[I]n an interpleader action in which the stakeholder does not assert a claim to the stake, the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court." *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007). As Sun Life has no interest in the Policy benefit and has paid the face value of the Policy plus interest, the court discharges it from this case and now turns to its request for attorneys' fees.

Sun Life verifies that it has incurred $18,345.50 in attorneys' fees and $601.02 in costs in filing and litigating this matter and seeks reimbursement. The requested charges begin with the drafting and filing of the Complaint in this matter. Sun Life asks that the fees and costs be deducted from the Policy

proceeds on deposit with the court.  According to Sun Life's counsel, J. Christopher Collins, the fees and costs were mainly incurred "preparing and maintaining this interpleader action, responding to co-Trustee Haroian, Jr.'s motions, letters, emails, requests for extensions of time, and to prepare its motion to deposit funds and this present motion." Collins Aff. ¶ 4.

The motion is <u>ALLOWED</u>. After reviewing Mirick O'Connell's (Sun Life's counsel) time sheets, the court finds that an allocation of the fees and costs between brother and sister is appropriate.  After deleting some extraneous billings and unexplained work, the court finds the Mirick O'Connell $280 per hour rate fair and reasonable as are the remaining number of attorney hours expended and will tax each co-Trustee for the tasks distinctly related to their contribution to the litigation (5.90 hours to Tarbell, 25.30 hours to Haroian, Jr.).  The court has further allocated an additional 18.50 hours to mutually shared tasks to be split between the co-Trustees. Therefore, on the distribution of the corpus by the court, $4,242 in fees and $300.51 in costs will be deducted from Tarbell's portion and $9,674 in fees and $300.51 in costs from Haroian, Jr.'s portion to be paid with the balance of the attorney's fees and costs to Sun Life.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE